IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**RAUL PEREZ-MONDRAGON,**<br><br>***Defendant.*** | **CRIMINAL ACTION NO. 3:26-cr-00017-TES-CHW-** |

**ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE**

Before the Court is Defendant Raul Perez-Mondragon's first motion to continue trial. [Doc. 33]. The pretrial conference for this case is currently set for December 2, 2026, with trial slated to begin on January 19, 2027. [Doc. 30]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On October 21, 2026, the Grand Jury returned a four-count indictment charging Defendant Perez-Mondragon with: Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, in connection with 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Possession of a Firearm by a Person Illegally in the United States, in violation of 18 U.S.C. §§ 2, 922(g)(5), and 924(a)(8). [Doc. 23, pp. 1–3]. At his arraignment on November 5, 2026, Defendant Perez-Mondragon pled not guilty, and the United States Magistrate Judge

kept the detention order from October 21, 2021, in effect. [Doc. 22]; [Doc. 26]; Doc. 27].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Since, according to Defendant Perez-Mondragon's motion, discovery has not yet been received, the Court **GRANTS** his first motion to continue and **CONTINUES** this case to ***February 12, 2027***. [Doc. 33, p. 2]. The ends of justice served by this continuance outweigh the best interests of the public and Defendant Perez-Mondragon in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161 for

excusable delay. [Doc. 33, p. 3]. The pretrial conference set for December 2, 2026, is canceled, and the Court will re-schedule a pretrial conference at a later date.

**SO ORDERED**, this 10th day of November, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**